UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                             :

**VALKIMI D. RAMANI**,

                  Plaintiff,

                            : **MEMORANDUM AND ORDER**

        – against –                         : 22-CV-1985 (AMD) (RER)

**FACEBOOK LLC**,

                  Defendant.
----------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On May 9, 2022, I dismissed the *pro se* plaintiff's original complaint for lack of subject matter jurisdiction and gave the plaintiff 30 days to file an amended complaint. (ECF No. 9.) On May 16, 2022, the plaintiff filed an amended complaint consisting of many of the same allegations from the original complaint. (ECF No. 10.) Because the amended complaint still does not provide a basis for the Court's subject matter jurisdiction, the case is dismissed without prejudice.

## BACKGROUND

The plaintiff repeats the claim from his original complaint that the defendant discriminated against him by reducing the number of views on his video, "Somewhere My Love." (*Id.* at 1.) He alleges that the music video reached 990 views, and that "out of sheer discrimination due to jealousy because of the popularity of the video, [the defendant] reduced the views to 80." (*Id.*) He also alleges that defendant removed "all views of [the plaintiff's] videos and prevent[ed] [him] from uploading any new videos." (*Id.*) While the original complaint

sought two million dollars for the alleged discrimination (ECF No. 2 at 5, 8), the amended complaint does not state what relief the plaintiff seeks.[1]

## DISCUSSION

A federal court must "liberally construe[]" pleadings by *pro se* parties, who are held to less stringent standards than attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this liberal standard, a *pro se* litigant's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); Fed. R. Civ. P. 8.

If a *pro se* action is frivolous, or if the court lacks subject matter jurisdiction over the matter, a district court may dismiss the action on its own, even if the plaintiff has paid the requisite filing fee. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). "Failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Section 1331 gives federal courts "original jurisdiction of all civil actions arising under

---

[1] The amended complaint also contains allegations involving YouTube, a party that is not named in this action. (ECF No. 10 at 1.)

2

the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331; *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004). A case "arises under" federal law where federal law creates the plaintiff's cause of action, or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Id.* (internal quotation marks and citation omitted).

The plaintiff alleges that the defendant "discriminat[ed]" against him by reducing the number of views on his music video, and that the defendant did so "due to jealousy because of the popularity" of the video. (ECF No. 10 at 1-2.) As explained in my order dismissing the plaintiff's original complaint, these allegations are insufficient to support a claim of discrimination arising under federal law. (ECF No. 9 at 3-4.) Nor does his amended complaint allege any facts about why the amount in controversy exceeds $75,000. Thus, the plaintiff has not established that the Court has federal question or diversity jurisdiction over the action.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Clerk of Court is respectfully directed to enter judgment, to mail a copy of this order to the plaintiff and to note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma* pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       July 6, 2022